IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*


| | | |
|---|---|---|
| **VINCENT CARTER,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-19-2011** |
| | * | |
| **LOWES HOME IMPROVEMENT, LLC,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vincent Carter brought this civil action against Defendant Lowes Home Improvement, LLC in the Circuit Court for Prince George's County, Maryland for injuries he suffered while shopping in a Lowes store. ECF No. 2. Defendant subsequently removed the case to this Court. ECF No. 1. Pending before the Court is Plaintiff's Motion to Appoint Counsel. ECF No. 12. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Petitioner's Motion to Appoint Counsel is denied.

**I.   BACKGROUND**

On November 21, 2016, while shopping in a Lowes store in Clifton, Maryland, Plaintiff allegedly suffered severe injuries when a stack of shelving fell from a pallet and struck his right arm and right foot. ECF No. 2 ¶¶ 3, 4. Plaintiff later retained William C. McCaskill as his attorney, and on April 1, 2019, Mr. McCaskill filed a Complaint on behalf of Plaintiff in the Circuit Court for Prince George's County, Maryland, alleging a personal injury claim against Defendant. ECF No. 2; ECF No. 12.

Defendant subsequently removed the case to this Court on July 9, 2019. ECF No. 1. After Plaintiff was notified of the removal, he contacted Mr. McCaskill. ECF No. 12. Mr. McCaskill, who is not admitted to practice in the District of Maryland, asked Plaintiff "to give him and his team more time to come up with a plan." *Id.* That "plan never materialized," and so Mr. McCaskill informed Plaintiff that he needed to obtain a new attorney. *Id.* Since then, Plaintiff states that he has "aggressively attempted to find a new attorney," but the attorneys he has contacted have declined to take his case "because the statute of limitations expires in two months and they say they would not have time to complete their investigation" or "because they feel less confident in a favorable jury verdict in federal court." *Id.*

As a result, on September 23, 2019, Plaintiff filed a Motion to Appoint Counsel, asking that the Court appoint an attorney for him because is not confident in his ability to successfully represent himself against Defendant. *Id.* Defendant has not filed a response to the Motion.

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This power, however, is discretionary, and it should be exercised only in "exceptional cases." *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (internal citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Where a colorable claim exists but the litigant has no capacity to bring it, counsel should be appointed. *Id.*; *see also Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).

This is the not the rare, "exceptional case[]" in which a plaintiff is entitled to appointment of counsel under 28 U.S.C. § 1915(e)(1). As an initial matter, Plaintiff has not demonstrated that he is "unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1). In fact, he had previously retained counsel while his case was pending in state court and he attempted to retain new counsel after the case was removed. *See* ECF No. 12. His inability to obtain counsel was not the result of indigence, but rather the potential attorneys' concerns about their ability to complete a factual investigation or win the case on its merits. *See id.* These are not circumstances under which appointment of counsel is proper. Moreover, although the Court certainly appreciates the difficulties associated with prosecuting a case as a *pro se* litigant, it is not clear that Plaintiff has "no capacity" to bring this case himself. He has demonstrated that he understands how to navigate the federal court system, search for an attorney licensed to practice in federal court, and file motions supported by clear arguments, and so the Court finds that he is capable of representing himself. Thus, his Motion to Appoint Counsel is denied.

## III.   CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Plaintiff's Motion to Appoint Counsel, ECF No. 12, is **DENIED**. The Court will prepare a separate scheduling order to guide discovery in this case.

Date: <u>April    21 , 2020</u>                                   <u>/s/                                        </u>
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge